25CA2209 Peo in Interest of Niver 01-22-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2209
La Plata County District Court No. 25MH46
Honorable Nathaniel Baca, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Tabitha Niver,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE GOMEZ
Pawar and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

---

Sheryl Rogers, County Attorney, Kathleen L. Moore, Assistant County Attorney, Durango, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1     Tabitha Niver appeals the district court's order authorizing the Precourt Healing Center (PHC) to treat and medicate her against her will for ninety days under section 27-65-109, C.R.S. 2025. We affirm.

## I.     Background

¶ 2     Mercy Regional Medical Center staff determined that Niver was gravely disabled and unable to care for herself; they placed her on an emergency mental health hold. Shortly thereafter, Niver was admitted to PHC. There, Dr. Benjamin Carron assessed Niver as "floridly psychotic" and noted symptoms including nonsensical thinking, pressured speech, disorganization, and impaired insight and judgment. He opined that she was gravely disabled. PHC petitioned to certify Niver for short-term treatment and to medicate her against her will.

¶ 3     The district court conducted an evidentiary hearing where Tevin Trinh, the physician's assistant working with Niver and Dr. Carron, testified about Niver's mental health disorder, for which the working diagnosis was schizophrenia. Niver appeared at the hearing but declined to testify. After Trinh's testimony, the court found that the People had established, by clear and convincing

evidence, the criteria for short-term certification under section 27-65-109 and each of the four *Medina* elements for involuntary administration of medication. *See People v. Medina*, 705 P.2d 961, 973 (Colo. 1985). It issued an order (1) granting the requested short-term certification and (2) authorizing treatment with six psychiatric medications and one medication to treat side effects.

## II. Discussion

¶ 4 Niver challenges the sufficiency of the evidence supporting the order. Specifically, she contends that the evidence was insufficient to support the district court's findings that (1) she was gravely disabled and (2) the People had established the fourth *Medina* element. We address and reject both contentions.

### A. Standard of Review

¶ 5 When a respondent challenges the sufficiency of the evidence, we review the court's conclusions of law de novo and defer to its findings of fact if they are supported by evidence in the record. *People v. Marquardt*, 2016 CO 4, ¶ 8. We review the record as a whole and in the light most favorable to the People, and we defer to the fact finder to resolve any conflicts in the testimony. *See People in Interest of Ramsey*, 2023 COA 95, ¶ 23. "The district court, as

2

fact finder, 'has discretion to determine the credibility of the witnesses; the sufficiency, probative effect, and weight of the evidence; and the inferences and conclusions to be drawn from it.'" *People in Interest of R.C.*, 2019 COA 99M, ¶ 7 (quoting *People in Interest of S.M.A.M.A.*, 172 P.3d 958, 962 (Colo. App. 2007)).

### B.    Certification for Short-Term Treatment

¶ 6    To authorize short-term treatment, the district court must find, by clear and convincing evidence, that the respondent has a mental health disorder and, as a result of that disorder, is a danger to themself or others or is gravely disabled. § 27-65-109(1)(a); § 27-65-113(1), C.R.S. 2025.  A treatment provider's testimony alone may constitute clear and convincing evidence.  *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

¶ 7    Niver challenges the district court's finding that she is gravely disabled.  As relevant here, a person is "gravely disabled" when, as a result of a mental health disorder, they are "incapable of making informed decisions about or providing for [their] essential needs without significant supervision and assistance from other people" and, as a result, they are "at risk of . . . significant psychiatric deterioration . . . or mismanagement of [their] essential needs that

3

could result in substantial bodily harm." § 27-65-102(17), C.R.S. 2025. Essential needs include food, shelter, clothing, and medical care. *People v. Taylor*, 618 P.2d 1127, 1134 (Colo. 1980).

¶ 8    Trinh testified that Niver did not care for her essential needs as a result of her disorder — specifically, she urinated on herself, did not shower, and did not eat on a daily basis. She also refused psychiatric medications because she denied having a mental illness and believed PHC staff were trying to poison her. Trinh further testified that Niver's symptoms indicated severe schizophrenia and that if she wasn't treated, she would be at risk of significant decompensation. Specifically, without treatment, her delusions and inability to care for her essential needs would worsen.

¶ 9    We conclude that this testimony sufficiently supports the district court's finding of grave disability. *See Pflugbeil*, 834 P.2d at 846-47. We are not persuaded otherwise by Niver's argument that the evidence falls short due to a lack of testimony about her medical history. No such evidence is required under the relevant statutes. We are similarly unpersuaded by her argument that there was conflicting evidence about her eating. The district court's finding that Niver is gravely disabled was based on her lack of hygiene in

4

addition to her eating habits, and we defer to the district court's resolution of conflicting evidence. *See Ramsey*, ¶ 23.

¶ 10    Consequently, we conclude that the district court did not err by ordering Niver's certification for short-term treatment.

### C.    Involuntary Administration of Medication

¶ 11    A district court may authorize the involuntary administration of medication to a patient only if the People establish each of the following elements by clear and convincing evidence: (1) the patient is incompetent to participate effectively in the treatment decision; (2) treatment by medication is necessary either to prevent a significant and likely long-term deterioration in the patient's mental condition or to prevent the likelihood of the patient causing serious harm to themself or others in the institution; (3) a less intrusive treatment alternative isn't available; and (4) the patient's need for treatment with medication is sufficiently compelling to override their bona fide and legitimate interest in refusing medication. *Medina*, 705 P.2d at 973; *People in Interest of Strodtman*, 293 P.3d 123, 131 (Colo. App. 2011).

¶ 12    Niver challenges the district court's finding on the fourth *Medina* element. In assessing the sufficiency of evidence for the

this element, a court must determine (1) "whether the patient's refusal is bona fide and legitimate" and; (2) if so, "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Medina*, 705 P.2d at 974.

¶ 13    Niver argues that her refusal is based on potential side effects of the proposed medications. The district court implicitly considered this to be a bona fide and legitimate interest when it found that Niver's need for treatment was sufficiently compelling to override this interest. It noted Trinh's testimony that Niver (1) was unable to provide for her basic needs, (2) posed a danger to herself because she had bitten her own hands "to make the voices stop," and (3) posed a danger to others because she had threatened and thrown hot beverages at staff. As discussed in Part II.B, Trinh also testified that Niver's already severe condition would significantly deteriorate without medication.

¶ 14    Because the record supports a finding that Niver's prognosis without medication is so unfavorable that her bona fide and

6

legitimate interest in refusal must yield to the People's legitimate interests in preserving her health and in protecting the safety of those in the PHC, we will not disturb the district court's order. *See Ramsey*, ¶ 23. We decline to reweigh the evidence in response to Niver's conclusory argument that the court erred in balancing her interests against those of the state. *See R.C.*, ¶ 7.

### III. Disposition

The order is affirmed.

JUDGE PAWAR and JUDGE JOHNSON concur.